[Civ. No. 4523. Third Appellate District.—April 20, 1932.]

W. B. PUGH, Respondent, v. KRIKOR BAKURJIAN, Appellant.

Derthick, Cusack & Ganahl for Appellant.

H. K. Landram for Respondent.

ANDERSON, J., *pro tem.*—This is a case where the plaintiff claims the defendant was guilty of negligence in driving an automobile in such a manner as to inflict damages upon the plaintiff. The jury rendered a verdict against the defendant for $500 damages.

The defendant claims the court erred in refusing to give certain instructions; that there was insufficient evidence to support the verdict, and that there was contributory negligence on the part of the plaintiff.

It appears that the accident occurred when the defendant was driving on the wrong side of the road, and at a place where another road led north of the road each automobile was traveling upon. Plaintiff at this point turned suddenly to the left, claiming that in his confusion he thought the defendant was going to turn into the road leading to the north. This matter was submitted to the jury under appropriate instructions, one of which was as follows:

"You are instructed that if the plaintiff, W. B. Pugh, was in fact confronted with a sudden peril of accident through no fault of his own, then, even if it be true that he may have lost his presence of mind momentarily, forgotten, erred in judgment or omitted some precautionary measure which should otherwise have been taken, yet these factors themselves, alone, are not sufficient to charge him with negligence in law, the question being one of fact for you to determine under all conditions, from the evidence as presented."

Objection is also made upon the ground that the court refused to give the following instruction offered by the defendant:

"You are instructed in considering whether the defendant Krikor Bakurjian was negligent, or not, in the operation of and driving of his automobile, it is your duty to consider all of the circumstances shown by the evidence to have existed in connection with the accident immediately prior to and at the time thereof, including the width and surface of the highway, the traffic thereon, the weather conditions at the time of the accident, the position of the various automobiles and of the plaintiff at the time of and immediately prior to the accident, the position of the plaintiff and of the defendant's automobile immediately after the accident, and such other facts and circumstances as may be shown by the evidence to have existed; and if, after a consideration of all those facts, you believe that the defendant Bakurjian exercised ordinary care in the matters relative to the accident, or if you believe that no negligence on his part was a proximate cause of the accident, then in such event your verdict will be in favor of the defendant; or if you find from all of these circumstances and conditions that the plaintiff was himself negligent in some manner, which contributed proximately, no matter how slightly, to the happening of the accident, plaintiff cannot recover and your verdict will be in favor of the defendant.

"Refused, not helpful—E. N. Rector, Judge."

■ We fail to see wherein the above-quoted proposed instruction could have rendered any assistance to the jury in deciding any issue in the case, particularly in view of

732

the fact that the court gave the jury instructions covering the same matter.

Instructions on contributory negligence were also given by the court.

After a careful examination of the complete record, we can find no error.

We think the judgment should be affirmed. So ordered.

Thompson (R. L.), J., and Plummer, Acting P. J., concurred.